I believe the court clearly abused its discretion by refusing to permit Dohar to introduce photographs showing the minimal damage to Hastie's automobile because the court failed to state any rational legal basis for excluding those photographs.
Photographs showing the extent of damage to vehicles are generally relevant, subject to the provisions of Evid.R. 403, to proving the extent of injury suffered by a person inside the vehicle. See, generally,Krannitz v. Harris (Jan. 19, 2001). Pike App. No. 00CA649, unreported. There is no question that the photographs accurately depicted the extent of damage to the vehicle immediately following the accident.
The court excluded the photographs because it believed, and the majority now agrees, that Dohar could not "correlate the physical damage of the automobile to the physical harm sustained by organic tissue inside" without the aid of an expert.
Besides being an inaccurate statement of the law, I must respectfully submit that the court's reasoning is fundamentally flawed because the extent of damage to a vehicle is often an excellent indicator of the extent of injuries suffered by a person in that vehicle. This case proves the point. Photographs of the car taken right after the collision show the car had been scraped. Hastie could only characterize the impact as a "jolt," and the word "jolt" is open to any number of interpretations ranging from a slight nudge to a sharp impact.
Certainly, the jury could look at the extent of damage to the vehicle in order to ascertain the true extent of Hastie's injuries. This is particularly so when Hastie admittedly showed no injuries on the scene. Despite that, she spent nine months in chiropractic care, although there were no objective medical findings to support her claimed injuries. In fact, it could be persuasively argued that the court's refusal to permit photographs of the vehicle into evidence created an unfair disadvantage for Hastie as the jury might have been left with the impression that the absence of evidence showing the true extent of damages to the vehicle meant that the vehicle had been more damaged than it really was.
The damage to a vehicle is a starting point for any assessment of the amount of damages. I believe it defies logic to think that no correlation exists between the amount of damage to a vehicle and the extent of injuries suffered by a person inside that vehicle.
The majority agrees with the trial court that expert testimony may be necessary in some cases when the defense seeks to minimize the injury to a plaintiff's person by showing minor injury to a car. This is counterintuitive, for the party objecting to the evidence must have the burden of going forward with proof to the contrary. It simply makes no sense to require the proponent of photographic evidence to offer expert proof as a predicate to admissibility. The correct methodology would be to require the objecting party to muster contrary evidence.
None of these concerns are addressed, and the majority admits that it does not "have the answers" and leaves the law open for the courts to decide. As I noted earlier, juries have made these kinds of factual determinations for years, without the assistance of expert testimony. Of course, a party is always free to submit expert testimony, but to require expert testimony as a matter of law is not only contrary to well-established precedent, but ill-advised. Indianapolis Colts v.Metropolitan Baltimore Football Club Ltd. Partnership (C.A.7, 1994),34 F.3d 410, 415. This case did not present the jury with difficult factual issues and nothing relating to justice is served by imposing this new requirement.
It is no help either that the majority attempts to limit this case to its facts. The facts in this case are not unusual. I take the majority's attempt to limit its holding as an indication of its reluctance to give full effect to what it decides today.
In the end, the majority gives the trial courts unfettered discretion and thus makes these kinds of cases virtually unreviewable. The jury is fully capable of looking at the amount of damage sustained in an automobile accident and deciding whether claimed injuries sustained in that accident are in proportion to the amount of damage inflicted on the vehicle. I must respectfully dissent.